UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Reginald Sanders**, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**F.C. Industries, Inc.**<br>c/o SS&D S.A., INC<br>40 N. Main St.<br>1900 Stratacache Tower<br>Dayton, OH 45423<br><br>　　　　　　　　Defendant. | No.<br><br>Judge<br>Magistrate<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Reginald Sanders ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, F.C. Industries, Inc. (hereafter "F.C. Industries" or "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1.　　This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for F.C. Industries' failure to pay Plaintiff and other similarly-situated employees all earned overtime wages.

2.　　Plaintiff and the Collective Members are current and former employees of F.C. Industries. Plaintiff brings this action on behalf of himself and all similarly-situated current and former non-exempt hourly employees of F.C. Industries.

3.　　Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. F.C. Industries failed to pay Plaintiff and the Collective

1

Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings this Collective action Complaint pursuant 29 U.S.C. § 216(b) for F.C. Industries' violations of federal law as detailed further below.

4. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215. F.C. Industries paid Plaintiff and the Collective Members non-discretionary bonuses, but F.C. Industries did not include these payments as part of Plaintiff's and the Collective Members' regular rates of pay for the purposes of paying overtime.

5. "Bona fide meal periods are not worktime. . . [t]he employee must be completely relieved from duty for the purposes of eating regular meals. . . [t]he employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." *See* 29. C.F.R. § 785.19. F.C. Industries violated the FLSA by automatically deducting a thirty-minute meal break from each and every shift Plaintiff and the Collective Members worked in excess of six hours regardless of whether Plaintiff and the Collective Members were able to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within this District.

8. F.C. Industries is headquartered in Dayton, Ohio.

9. F.C. Industries regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

10. Plaintiff and the Collective Members in their work for F.C. Industries were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

11. At all times material to the matters alleged in this Complaint, Plaintiff was an employee of F.C. Industries.

12. Plaintiff was employed by F.C. Industries as an operator/team lead from approximately October, 2013 through approximately June, 2020.

13. The Collective Members are all current and former non-exempt hourly employees who worked for F.C. Industries in the United States at any point in the three years preceding the filing of the Complaint.

14. The Collective Members are non-exempt from the FLSA overtime requirements.

15. At all material times, F.C. Industries was an Ohio corporation duly licensed to transact business in the State of Ohio.

16. Under the FLSA, F.C. Industries is an employer. At all relevant times, F.C. Industries had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with F.C. Industries. As a person who acted in the interest of F.C. Industries in relation to the company's employees, F.C. Industries is subject to liability under the FLSA.

17. At all material times, Plaintiff and the Collective Members were employees of F.C. Industries as defined by the FLSA, 29 U.S.C. § 203(e)(1).

18. At all material times, Plaintiff and the Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

19. Plaintiff has given his written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached hereto as "**Exhibit A.**"

## FACTUAL ALLEGATIONS

20. F.C. Industries is a group of manufacturing companies located in Dayton, Ohio.

21. Plaintiff was employed by F.C. Industries as a non-exempt, full-time, hourly employee in Dayton, Ohio.

22. The Collective Members are all current and former non-exempt manufacturing employees who worked for F.C. Industries at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's overtime requirements.

23. At all relevant times, Plaintiff was compensated on an hourly basis.

24. In his work for F.C. Industries, Plaintiff routinely worked in excess of forty hours in a given workweek.

25. During each and every workweek, Plaintiff and the Collective Members were paid on an hourly basis.

26. Pursuant to F.C. Industries Meal Policy, F.C. Industries automatically deducts a thirty-minute meal break for each and every shift worked by the Collective Members of six-hours or more.

27. F.C. Industries made this automatic 30-minute deduction from Plaintiff's and the Collective Members' pay regardless of whether they were actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

28. The job demands of Plaintiff and the Collective Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

29. Nevertheless, F.C. Industries automatically deducted thirty minutes from every shift of six hour or more worked by Plaintiff, the Collective Members and the Class Members, thereby denying them lawful minimum and overtime wages.

30. At all relevant times, F.C. Industries failed to keep accurate time records and failed to accurately and timely pay all minimum and overtime wages required by the FLSA.

31. At all relevant times, F.C. Industries paid Plaintiff, the Collective Members and the Class Members different categories of non-discretionary bonuses.

32. However, F.C. Industries does not include these bonus payments in Plaintiff's or the Collective Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, F.C. Industries has violated to overtime provisions of the FLSA.

33. Plaintiff and other similarly situated manufacturing employees were only paid for work performed between their scheduled start and stop times and were not paid for work performed before and after their scheduled start and stop times changing into and out of their uniforms and protective gear.

34. The time Plaintiff and other similarly situated manufacturing employees spent changing into and out of their uniform and protective gear was required by Defendant and was performed for Defendant's benefit.

35. The time Plaintiff and other similarly situated manufacturing employees spent changing into and out of their uniform and work protective gear was "an integral and indispensable part of the principal activities" that they performed for Defendant.

36. Changing into and out of their uniform was required by Defendant to perform their manufacturing work are intrinsic elements of their principal activities and ones with which Plaintiff and other similarly situated manufacturing employees cannot dispense if they are to perform their principal activities.

37. Changing into and out of Plaintiff's and other similarly situated employees' protective work boots, safety glasses, cotton gloves, and arm sleeves was required by company policy and the nature of the work that Plaintiff and other similarly situated employees performed for Defendants. *Brooks, supra* citing *Ballaris v. Wacker Siltronic Corp.*, 370 F. 3d 901, 910 (9th Cir. 2004); *IBP, Inc. v. Alvarez*, 339 F.3d 894, 902-03 (9th Cir. 2004).

38. Plaintiff and other similarly situated manufacturing employees were not paid for time spent changing into and out of their uniform and/or getting tools, protective gear, or equipment that were necessary to perform their manufacturing work.

39. The amount of time Plaintiff and other similarly situated manufacturing employees spent on this required and unpaid work amounted to approximately 20 minutes per day.

6

40. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

41. F.C. Industries violated the FLSA by requiring Plaintiff and the Collective to purchase uniforms from F.C. Industries to complete their job duties for F.C. Industries, who deducted the uniform laundering charges from Plaintiff's and the Collective Members' wages.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

43. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former non-exempt hourly manufacturing employees employed by F.C. Industries.

44. F.C. Industries subjected all of their non-exempt manufacturing employees, including Plaintiff and the Collective Members, to their policy and practice of failing to pay for all hours worked and improperly calculating overtime rates in violation of 29 U.S.C. §§ 206 and 207.

45. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

46. The Collective Members perform or have performed the same or similar work as Plaintiff.

47. F.C. Industries' failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

48. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by FC Industries that caused harm to all of the Collective Members.

49. As such, Plaintiff brings these FLSA claims as a collective action on behalf of the following class:

> **All of F.C. Industries' current and former non-exempt manufacturing employees who worked for F.C. Industries at any time from three years preceding the filing of the original Complaint to the present.**

50. F.C. Industries unlawful conduct, as described herein, is pursuant to F.C. Industries' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

51. F.C. Industries is aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all minimum wage and overtime as detailed herein.

52. F.C. Industries unlawful conduct has been widespread, repeated, and consistent.

53. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

54. Upon information and belief, the individuals similarly situated to Plaintiff includes hundreds of non-exempt hourly employees currently and/or formerly employed by F.C. Industries. Plaintiff is unable to state the precise number of similarly-situated employees because that

information is solely in F.C. Industries' possession, custody, or control, but it can be readily ascertained from their employment records.

55. Notice can be provided to the Collective Members by First Class Mail to the last address known to F.C. Industries, via email at the last known email address known to F.C. Industries and by text message to the last known telephone number known to F.C. Industries.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY FOR ALL HOURS WORKED**
**(on behalf of Plaintiff and the Collective Members)**

56. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

57. F.C. Industries has a consistent enterprise-wide policy of requiring Plaintiff and the Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff the Collective Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

58. At all relevant times, Plaintiff and the Collective Members were subject to F.C. Industries' Break and Meal Policy.

59. Pursuant to F.C. Industries Break and Meal Policy, F.C. Industries automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff and the Collective Members of six-hours or more.

60. F.C. Industries made this automatic 30-minute deduction from Plaintiff's and the Collective Members' pay regardless of whether they were actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

61. The job demands of Plaintiff and the Collective Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

62. Nevertheless, F.C. Industries automatically deducted thirty minutes from every shift of six hours or more worked by Plaintiff and the Collective Members thereby denying them lawful minimum and overtime wages.

63. Plaintiff and other similarly situated manufacturing employees were only paid for work performed between their scheduled start and stop times and were not paid for work performed before and after their scheduled start and stop times changing into and out of their uniforms and protective gear.

64. The time Plaintiff and other similarly situated manufacturing employees spent changing into and out of their uniform and protective gear was required by Defendant and was performed for Defendant's benefit.

65. The time Plaintiff and other similarly situated manufacturing employees spent changing into and out of their uniform and work protective gear was "an integral and indispensable part of the principal activities" that they performed for Defendant.

66. Changing into and out of their uniform was required by Defendant to perform their manufacturing work are intrinsic elements of their principal activities and ones with which Plaintiff and other similarly situated manufacturing employees cannot dispense if they are to perform their principal activities.

67. Changing into and out of Plaintiff's and other similarly situated employees' protective work boots, safety glasses, cotton gloves, and arm sleeves was required by

10

company policy and the nature of the work that Plaintiff and other similarly situated employees performed for Defendants. *Brooks, supra* citing *Ballaris v. Wacker Siltronic Corp.*, 370 F. 3d 901, 910 (9th Cir. 2004); *IBP, Inc. v. Alvarez*, 339 F.3d 894, 902-03 (9th Cir. 2004).

68. Plaintiff and other similarly situated manufacturing employees were not paid for time spent changing into and out of their uniform and/or getting tools, protective gear, or equipment that were necessary to perform their manufacturing work.

69. The amount of time Plaintiff and other similarly situated manufacturing employees spent on this required and unpaid work amounted to approximately 20 minutes per day.

70. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

71. F.C. Industries knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and F.C. Industries was aware of the FLSA's minimum wage and overtime requirements. As such, F.C. Industries' conduct constitutes a willful violation of the FLSA.

72. As a result of F.C. Industries' failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and F.C. Industries' failure or refusal to pay Plaintiff and the

11

Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, F.C. Industries violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO INCLUDE BONUS PAY IN OVERTIME RATE
(on behalf of Plaintiff and the Collective Members)

73. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

74. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

75. At all relevant times, F.C. Industries paid Plaintiff and the Collective Members non-discretionary quarterly bonuses.

76. However, F.C. Industries does not include these non-discretionary bonus payments in Plaintiff's and the Collective Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, F.C. Industries has violated to overtime provisions of the FLSA.

77. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records,

employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

78. F.C. Industries knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and F.C. Industries was aware of the FLSA's minimum wage and overtime requirements. As such, F.C. Industries' conduct constitutes a willful violation of the FLSA.

79. As a result of F.C. Industries' failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, F.C. Industries violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### COUNT THREE: FAIR LABOR STANDARDS ACT IMPROPER KICKBACKS

80. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

81. The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 778.315. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there

would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.*

82. F.C. Industries, Inc. requires Plaintiff and the Collective Members to pay F.C. Industries, Inc., through wage deductions, for laundering their uniforms.

83. F.C. Industries, Inc. knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and F.C. Industries was aware of the FLSA's minimum wage and overtime requirements. As such, F.C. Industries' conduct constitutes a willful violation of the FLSA.

84. As a result of F.C. Industries, Inc.'s deductions to Plaintiff's and the Collective Members' wages for costs associated with their uniforms, F.C. Industries, Inc. violated the overtime provisions of the FLSA. Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Reginald Sanders, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against F.C. Industries:

A. For the Court to declare and find F.C. Industries committed one or more of the following acts:

   i. violated the overtime provisions of the FLSA;

   ii. willfully violated the overtime provisions of the FLSA;

B.     For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff and the Collective Members;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.     For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b);

F.     For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

G.     Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and the Collective Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED:  February 16, 2023

                Respectfully submitted,

                s/ *Michael L. Fradin*
                Michael L. Fradin, Esq. (OH#0091739)
                8401 Crawford Ave. Ste. 104
                Skokie, IL 60076
                Telephone: 847-986-5889
                Facsimile: 847-673-1228
                Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (OH#0089483)
SIMON LAW CO.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com