# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **Reginald Sanders and Anthony Buchanon**, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>**F.C. Industries, Inc.**<br><br>　　　　　　Defendant. | Case No. 3:23-CV-00055<br><br>Judge Michael J. Newman<br><br>**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND FOR ENTRY OF ORDER OF DISMISSAL OF ALL CLAIMS WITH PREJUDICE** |

Now come the Plaintiffs and Defendant, by and through their respective counsel, pursuant to Rule 41 of the Federal Rules of Civil Procedure and 29 U.S.C. §216, for an Order approving the terms of the settlement reached with respect to the Fair Labor Standards Act ("FLSA") claims pending in the captioned matter, and for dismissal of this action in its entirety with prejudice. In support of this Motion, the parties state as follows:

1. This action involves various claims and allegations asserted by Plaintiffs. Plaintiffs' claims are multi-faceted and include allegations of violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), Ohio wage and hour laws, and R.C.§2307.60, for allegedly unpaid or improperly paid wages and compensation, statutory/liquidated damages, attorneys' fees, and costs. Defendants deny any liability.

2. Early in the course of this matter, the Parties agreed to exchange wage and hour data and documentation, and to potentially resolve the case through settlement negotiations or mediation. Counsel for the parties conferred and conducted a thorough investigation of the underlying facts, including a review of the relevant payroll records, as well as researching the applicable law and potential defenses.

3. In lieu of engaging in formal mediation, the Parties, over the course of many weeks, engaged in extensive negotiations and have reached a settlement of the claims, including the FLSA claims, in this lawsuit. For purposes of seeking Court approval of this resolution of a bone fide FLSA dispute, the Parties have executed a separate Settlement Agreement and Release of All Claims for each Plaintiff, true and accurate copies of which have been emailed to Chambers separately for the Court's review and approval.

4. The Parties have each been represented and assisted by their respective undersigned attorneys during this lawsuit and the negotiation of the settlement, and they have had the benefit of their attorneys' counsel and advice.

5. Neither Settlement Agreement and Release constitutes an admission by any party of the validity of any of the allegations, claims, or defenses made or presented in this lawsuit. The Settlement Agreement and Release represents the compromise of disputed claims that the Parties recognize would require litigation to determine. The Parties also recognize that there are significant costs and risks to both sides in continuing with protracted litigation.

6. The Settlement Agreement and Release was negotiated on behalf of all the Parties, and the terms of the Agreement reflect a reasonable compromise of the Parties' disputes. The Settlement Agreement and Release fairly and reasonably compromises each Party's interests, benefits, and rights, in accordance with the criteria and policy considerations set forth in *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), the oft-cited case holding that courts should approve a settlement if it was reached as a

result of contested litigation and it is a fair and reasonable resolution of a bona fide dispute between the parties. This is particularly true where, as here, the Parties have engaged in extensive arms' length negotiations.

7. The Settlement Agreement and Release provides that the Parties will request that this Court dismiss this action with prejudice, with each party to bear its own costs. A proposed Agreed Order for that purpose is attached hereto as Exhibit A.

**WHEREFORE**, Plaintiffs and Defendant jointly and respectfully move this Court to approve the FLSA Settlement Agreements and Releases, and enter the attached Agreed Order reflecting its approval and dismissing all claims with prejudice.

Respectfully submitted,

| | |
|---|---|
| */s/ James L. Simon* | */s/ Chad E. Willits* (per email auth.) |
| James L. Simon (OH#0089483) | Chad E. Willits (#0066541) |
| SIMON LAW CO. | Vincent P. Antaki (#0072471) |
| 11 ½ N. Franklin Street | REMINGER CO., LPA |
| Chagrin Falls, Ohio 44022 | 525 Vine Street, Ste. 1500 |
| Telephone: (216) 816-8696 | Cincinnati, OH 45202 |
| Email: james@simonsayspay.com | P: (513) 721-1311 / F: (513) 721-2553 |
| *Counsel for Plaintiff* | Email: CWillits@reminger.com |
| | Email: VAntaki@reminger.com |
| | *Counsel for Defendant* |

Michael L. Fradin, Esq. (OH#0091739)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com
*Counsel for Plaintiff*